IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02508-WYD-MJW

THOMAS GEORGE AYOTTE,

Plaintiff,

v.

JACKIE MCPEEK, et al.,

Defendants.

---

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 26)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by Chief Judge Wiley Y. Daniel on December 23, 2008.  (Docket No. 9).

In the Prisoner Complaint brought pursuant to 42 U.S.C. § 1983, the pro se incarcerated plaintiff, Thomas George Ayotte, alleges the following.  Plaintiff's requests to repair or replace his two hearing aids, to obtain hearing aid batteries, to have sign language interpreters or other hearing services, to have announcements made over the public address system conveyed to him, and to have certain defendants look at him when they speak have been repeatedly ignored or denied.  In addition, some unidentified defendants have always woken plaintiff up by tapping their long metal flashlights against plaintiff's bunk which always scares plaintiff.  Plaintiff claims First, Eighth, and Fourteenth Amendment violations as a result of defendants' actions.

2

Plaintiff seeks declaratory, injunctive, and monetary relief, including nominal, compensatory, and punitive damages.

Now before the court for a report and recommendation is a Motion to Dismiss (Docket No. 26) in which 20 of the 22 named defendants[1] seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the following grounds: (1) plaintiff's claim for damages against defendants in their official capacities is barred by the Eleventh Amendment, (2) plaintiff has failed to allege the requisite personal participation of the defendants in their individual capacities, (3) plaintiff's Eighth Amendment and deliberate indifference claims fail to state claims upon which relief can be granted, (4) plaintiff's First Amendment claim fails to state a cognizable claim, (5) plaintiff's claim for compensatory damages is barred by the Prison Litigation Reform Act due to the lack of a physical injury, and (6) the state defendants are entitled to qualified

---

[1]Namely, defendants McPeek, Martinez, Hoffman, Estep, Gahn, Mickens, Shepherd, Curry, Shames, Crounk, Zadroga, Cooper, Rocchio, Baxter, Smith, Holst, Pope, Bolton, DeCesaro, and Aldrich. The remaining two named defendants, R. Wencl and Brandt, have not been served.

According to a statement contained on a Waiver of Service Form, service was not waived and accepted by a Legal Assistant in the Colorado Department of Corrections for Mr. Brandt because "DOC does not have a Chief Medical Officer or current DOC Clinical Services employee with the last name of 'Brandt' nor can an individual be determined for the plaintiff's complaint." (Docket No. 12 at 2). Plaintiff has not provided the court with any additional information concerning this defendant which would enable service to be effected.

The same legal assistant also did not waive and accept service for defendant Rudolph Wencl because he either retired or no longer works for the DOC. (Docket No. 12 at 2). A last known address, however, was provided for defendant Wencl (Docket No. 12 at 2), but the U.S. Marshal could not serve Wencl there. The U.S. Marshal Process Receipt and Return form states "no longer lives at above address." (Docket No. 14). Plaintiff has not provided the court with a current address at which Wencl may be served.

3

immunity.

Plaintiff filed a response (entitled "Plaintiff's Motion to Refute Defendants' Motion to Dismiss), albeit untimely. (Docket No. 35).

The court has reviewed the motion and response thereto and has considered applicable Federal Rules of Civil Procedure, case law, and statutes, as well as the court's file. The court now being fulling informed makes the following findings, conclusions of law, and recommendation.

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. See U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. See *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. See *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See *id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56. See *id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d 1091, 1094-95 (D. Colo. 2001).

4

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S.Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1974 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S.Ct. at 1974).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall

v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

With the above standards in mind, this court will review defendants' arguments for dismissal of the Prisoner Complaint.

**1. Official Capacity Claims**

Defendants first assert plaintiff's claim for damages against defendants in their official capacities is barred by the Eleventh Amendment. This court agrees. The defendants are immune from liability for damages to the extent they are sued in their official capacities. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994). Therefore, it is recommended that the plaintiff's claim for damages against the defendants in their official capacities be dismissed with prejudice.

**2. Personal Participation**

Defendants next contend that the plaintiff has failed to allege the requisite personal participation of the defendants in their individual capacities. They assert

that the

> Complaint fails to isolate the allegedly isolate the allegedly unconstitutional acts of each State Defendant. Ayotte's Complaint merely provide vague and conclusory allegations that focus upon the denial of kites or grievances relating to Ayotte's request for a second hearing aid and the use of a sign language interpreter. The allegations in the Complaint do not provide adequate notice as to the nature of the claims against each defendant. . . . The Complaint makes no mention of which, if any, defendants acted deliberately indifferent towards Ayotte or which, if any, defendants personally participated in violating his First Amendment rights. Further, for those Defendants that did not have direct involvement in each alleged violation, Ayotte fails to show how they might be individually liable for deprivations of his constitutional rights. "Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." . . . Therefore, Ayotte's allegations fail to allege the requisite personal participation against the State Defendants and his claims should be dismissed.

(Docket No. 26 at 607).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). Furthermore, even under the liberal pleading standards applied to pro se litigants, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pleading must state, simply and concisely, the specific claims for relief the plaintiff is asserting and the specific conduct that gives rise to each asserted claim. Rule 8(d) of the Federal Rules of Civil Procedure provides in relevant part that "[e]ach allegation must be simple, concise, and direct. . . ." Fed. R. Civ. P. 8(d). Furthermore, Rule 8(a)(2) provides in relevant part that "[a] pleading that states a

7

claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The purpose of this pleading requirement is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quotation omitted).

The Prisoner Complaint in this case is not a model pleading, but reading it liberally and in the light most favorable to the plaintiff, this court finds that at least at this early stage in the proceedings, the plaintiff has alleged the requisite personal involvement of the defendants in their individual capacities sufficient to defeat defendants' motion to dismiss. More specifically, the court notes that in the "Nature of the Case" section of the pleading, plaintiff lists each defendant's alleged action(s). (See Docket No. 3 at 16-19). Defendants have been given fair notice of plaintiff's claims and the grounds upon which they rest.

**3. Eighth Amendment Claim**

Next, defendants argue that the plaintiff's Eighth Amendment and deliberate indifference claim fails to state a claim upon which relief can be granted. "Prison conditions violate the eighth amendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in 'unquestioned and serious deprivation of basic human needs." Ruark v. Solano, 928 F.2d 947 (10th Cir. 1991) (citations omitted), implied overruling on other grounds, Tucker v. Graves, 1997 WL 100884, *1 n.2 (10th Cir. Mar. 6, 1997)). Furthermore, "prisoners have an Eighth Amendment

right to adequate medical care . . . ." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). "In keeping with the principle that government officials are generally afforded wide latitude when fulfilling their discretionary functions, . . . however, in cases where prisoners allege that inadequate or delayed medical care violated their Eighth Amendment rights, it has been established that '[p]rison officials violate the Eighth Amendment [only] when they are deliberately indifferent to the serious medical needs of prisoners in their custody.'" Id.

Here, defendants contend that the Complaint fails to allege that a second hearing aid was something that has been diagnosed and mandated by a medical provider. Defendants further make an unsupported claim that in fact medical personnel have denied that he needs a second hearing aid. In addition, they assert that plaintiff does not provide any facts showing that his need for a second hearing aid was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." They contend that the bulk of plaintiff's allegations go to the effectiveness and competence of the treatment given, and that there is simply no allegation that any of the State defendants had a culpable state of mind with respect to his medical needs. Thus, they assert that while plaintiff may disagree with the denials of the requests made for a second hearing aid, this does not constitute a cognizable claim. Finally, they contend that once medical personnel made the determination that plaintiff did not meet the medical criteria for a second hearing aid, the non-medical personnel defendants were entitled to rely on that diagnosis and cannot be required to second guess the medical judgment of the medical providers.

At this early stage in the litigation, and accepting plaintiff's factual allegations in the Prisoner Complaint as true and resolving all reasonable inferences in plaintiff's favor, however, this court finds that the plaintiff has pled enough facts to state an Eighth Amendment claim to relief that is plausible on its face.  It may very well be that medical personnel have determined that plaintiff does not need one or two hearing aids or sign language interpreters and that there is merely a disagreement with respect to their opinions.  At this time, however, the court is not considering a motion for summary judgment.  Defendants' claim in their motion that in fact medical personnel have denied that plaintiff needs a second hearing aid is unsupported.  Furthermore, it appears from the claims made in the Prisoner Complaint that plaintiff already had two hearing aids; he is now claiming, *inter alia*, that certain defendants with deliberate indifference refused him batteries for those aids and/or refused to have them serviced.  Under appropriate circumstances, such refusal may very well constitute deliberate indifference to a serious medical need and thus be a violation of the Eighth Amendment.  It remains to be determined whether the plaintiff here has a condition that constitutes a "serious medical need."  See Large v. Washington County Detention Center, 1990 WL 153978, *2 (4th Cir. Oct. 16, 1990) ("We hold that under appropriate circumstances the refusal to supply a hearing aid to a convict could constitute deliberate indifference to a serious medical need, hence a violation of the eighth amendment rights.  Whether this claimant's condition is one of 'serious medical need' remains to be decided . . . ."); Chacon v. Ofogh, 2008 WL 4146142, *4 (W.D. Va. Sept. 8, 2008) ("While the ability to hear is a basic human need affecting daily activity and is sufficiently serious to warrant treatment by physicians,

10

. . . [plaintiff] has not shown that his hearing impairment rose to the level of a serious medical need or that the defendants acted with deliberate indifference."); Kollyns v. Gintoli, 2006 WL 2706962, *6 n.7 (D.S.C. Sept. 15, 2006) ("In certain circumstances, the failure to provide basic corrective/medical devices may amount to deliberate indifference to a serious medical need."); Snodgrass v. Heinzl, 2005 WL 3465546, *7 (W.D. Wisc. Dec. 16, 2005) (The court was "unprepared at this early stage to say that a state official's failure to provide a prisoner with hearing aids after tests show he needs them to hear fails to state a claim of constitutional proportion. It is arguable that if the normal functions of moving about, seeing or hearing can be restored easily by such things as a prosthesis, eyeglasses or a hearing aid, a state's refusal to provide these things would violate the Eighth Amendment.").

Therefore, it is recommended that plaintiff's Eighth Amendment claim not be dismissed at this time.

**4. First Amendment Claim**

Defendants also assert that the plaintiff's First Amendment claim fails to state a cognizable claim. Under the First Amendment, applicable to the States through the Fourteenth Amendment, prisoners are entitled to a reasonable opportunity to pursue sincerely-held religious beliefs. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1209 (10th Cir. 1999). To state a claim under the Free Exercise Clause of the First Amendment, plaintiff must initially assert that defendants substantially burdened sincerely-held religious beliefs. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007).

Here, defendants note that plaintiff claims that defendants' failure to grant his requests relating to the hearing aids has prevented him from fully understanding, relating to, and appreciating the religious programs that he attends. Defendants assert, however, that the failure to provide a second hearing aid is not the same as burdening the exercise of one's religion and that a state is not required to take affirmative steps to accommodate a prisoner's free exercise of religion. They assert that the Constitution contains no language requiring the DOC to assist the exercise of religion; it merely allegedly precludes a state from substantially burdening a prisoner's free exercise rights, unless that burden is justified by a compelling state interest. They conclude that denying plaintiff the use of a second hearing aid or a sign language interpreter during his religious services does not implicate the First Amendment, noting that plaintiff concedes that he is able to participate in the religious services and Bible studies. Defendants assert that plaintiff's differing medical opinion that he needs the use of a second hearing aid or a sign language interpreter does not state a claim under the First Amendment.

A review of the Prisoner Complaint shows that plaintiff alleges that on numerous occasions he "has not been able to understand, relate to, and fully appreciate the lessons and words being directed to this Plaintiff by any and all speakers due to the fact that there has been no sign language interpreters provided by and through the religious programs director here at the Territorial Correctional Facility . . . . to include but not limited to his Thursday night Bible Studies and Catholic Services, and his KAIROS retreats." (Docket No. 3 at 22). At

this early stage in the litigation, and once again accepting plaintiff's factual allegations in the Prisoner Complaint as true and resolving all reasonable inferences in plaintiff's favor, this court finds that the plaintiff has pled enough facts to state a First Amendment claim for relief that is plausible on its face.  More specifically, he has alleged facts to support a claim that defendants' conduct substantially burdened his sincerely-held religious beliefs.  See Boles v. Neet, 486 F.3d 1177, 1182 (10th Cir. 2007).  Therefore, it is recommended that plaintiff's First Amendment claim not be dismissed at this time.

**5. Lack of Physical Injury**

Defendants next contend that the plaintiff's claim for compensatory damages is barred by the Prison Litigation Reform Act ("PLRA"), namely, 42 U.S.C. § 1997e(e), due to the plaintiff's failure to allege any physical injury whatsoever caused by the alleged denial of his rights under the Eighth and First Amendments.  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Tenth Circuit has held that

> [t]he plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted.  The underlying substantive violation . . . should not be divorced from the resulting injury, such as "mental or emotional injury," thus avoiding the clear mandate of § 1997e(e).  The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental emotional.

Searles v. VanBebber, 251 F.3d 869, 876 (10th Cir. 2001).  Nevertheless, the Searles decision does not mean that this action is barred by § 1997e(e).  Rather,

13

only plaintiff's claim for compensatory damages would be prohibited in the absence of a physical injury.

> In the Prisoner Complaint, plaintiff alleges having
>
> to endure the indignities of being abused physically and mentally and spiritually be each and every one of the Defendant(s), either directly and indirectly, and this Plaintiff has had to suffer whith physical and mental trauma due to the malicious with evil intent actions by each and every one of the Defendant(s). Due to the cruel and unusual punishment inflicted upon this Plaintiff, particularly when it comes to the hearing assistive needs of this Plaintiff, this Plaintiff will have to live with the permanent and mental scarring caused by each and every one of the 28 named Defendant(s) in this prisoner 42 U.S.C. 1983 action.

(Docket No. 3 at 20).  Similarly, he alleges in that pleading that he "will now have to permanently have to live with the mental, emotional, and physical trauma and scars that the 28 named Defendant(s), directly or indirectly inflicted" (Docket No. 3 at 21) and of having "to suffer the physical, mental, emotional, and spiritual trauma by the evil and malicious actions of any and all of the 28 named Defendant(s) . . . ." (Docket No. 22 at 37).  Plaintiff also asserts in his response to the motion to dismiss that "the physical injury comes from the neglect of the named Defendants to promptly provide this Plaintiff with a second hearing aid, and this will be proven in this Honorable U.S. District Court."  (Docket No. 35 at 3, ¶ 11).

This court finds, however, that the plaintiff has not alleged a specific physical injury as a result of defendants' alleged actions.  As noted above, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

14

a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1974 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Plaintiff here has not adequately pled a physical injury. Therefore, it is recommended that his claim for compensatory damages be dismissed. Plaintiff's claims for nominal or punitive damages and injunctive relief would survive. Searles, 251 F.3d at 878-79; Phillips v. Steinbeck, 2008 WL 821789, 21 (D. Colo. Mar. 26, 2008) ("Based on the prior precedents of the Tenth Circuit, this Court holds that § 1997e(e) does not bar Plaintiff's claims for injunctive relief or punitive and nominal damages based on the alleged violations of Plaintiff's right of access to the courts and Eighth Amendment rights.") (Recommendation by Magistrate Judge Mix accepted by Judge Miller).

**6. Qualified Immunity**

Finally, the state defendants assert that they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). It "balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id. "Qualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." Brosseau v. Haugen, 543 U.S. 194, 198 (2004). "Because the focus is on whether the officer had fair notice that [his]

15

conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." Id.

When a defendant raises a qualified immunity defense, the plaintiff "bears the burden of showing that: (1) the defendants' actions violated a constitutional or statutory right; and (2) the right was clearly established and reasonable persons in the defendants' position would have known their conduct violated that right." Cruz v. City of Laramie, Wyo., 239 F.3d 1183, 1187 (10th Cir. 2001). Here, defendants assert that plaintiff meets neither prong. They contend that plaintiff has failed to demonstrate the violation of a constitutional right. As found above, however, plaintiff has at least at this early stage adequately stated constitutional violations so as to withstand defendants' motion to dismiss.

Defendants further assert that they are nevertheless entitled to qualified immunity because they allegedly did not violate clearly-established law. In addition, they contend that there is nothing in the Complaint to show that no reasonable medical officer or prison administrator would have acted in ways alleged in the Complaint. "To overcome a claim of qualified immunity, a plaintiff who has adequately pled a constitutional violation must also show that the contours of that violation were 'clearly established' at the time of the vents at issue. . . . Normally, a plaintiff shows that a right was 'clearly established' by pointing to binding precedent from the Supreme Court of 10th Circuit recognizing the right in the particular circumstances presented. . . . However, there are circumstances

16

where the contours of the right are so obvious that reference to a body of similar caselaw is unnecessary." Smith v. Leyba, 2009 WL 564270, *4 (D. Colo. Mar. 5, 2009) (citations omitted). See Hope v. Pelzer, 536 U.S. 730, 739 (2002) ("For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. **This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.**") (emphasis added).

Here, there can be little doubt that the rights allegedly violated, namely, a prisoner's Eighth Amendment right to be free from deliberate indifference to a serious medical need and First Amendment right to reasonable opportunities to pursue sincerely held religious beliefs, were "clearly established" such that a reasonable person in defendants' position would have known that his or her conduct violated that right. While the factual circumstances in the myriad of Tenth Circuit case law concerning these rights may not be identical to those presented by the plaintiff here, they are sufficiently similar that a reasonable prison official could very well recognize the contours of his or her obligations toward the plaintiff in this case. "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances." Hope v. Pelzer, 536 U.S. at 741. Therefore, this court further finds that dismissal of the Prisoner Complaint is not warranted on grounds of qualified immunity at this time.

In sum, at this stage this court cannot determine beyond doubt that plaintiff can prove no set of facts which entitles him to relief.

**WHEREFORE,** for the foregoing reasons it is hereby

**RECOMMENDED** that the Motion to Dismiss (Docket No. 26) be granted in part and denied in part. More specifically, it is recommended that the motion to dismiss be granted to the extent that the plaintiff's claims for damages against defendants in their official capacity and for compensatory damages in their individual capacity be dismissed with prejudice. In all other respects, it is recommended that the motion to dismiss be denied without prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: June 5, 2009                                         s/ Michael J. Watanabe
     Denver, Colorado                             Michael J. Watanabe
                                                               United States Magistrate Judge