IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02508-WYD-MJW

THOMAS GEORGE AYOTTE,

   Plaintiff,

v.

JACKIE MCPEEK, et al.,

   Defendants.

**ORDER AFFIRMING IN PART AND REJECTING IN PART
THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court on the Defendants' Motion to Dismiss (docket #26), filed February 26, 2009.  The motion was referred to Magistrate Judge Michael J. Watanabe for a recommendation by Order of Reference dated December 23, 2008.  On June 5, 2009, Magistrate Judge Watanabe issued a Recommendation that the above referenced motion be granted in part and denied in part.  Specifically, Magistrate Judge Watanabe recommends therein that the motion be granted to the extent that Plaintiff's claims for damages against the Defendants in their official capacities be dismissed.  Magistrate Judge Watanabe also recommends that Plaintiff's claims for compensatory damages against the Defendants in their individual capacities be dismissed.  Magistrate Judge Watanabe further recommends that the motion be denied in all other respects.  (Recommendation at 17.)  The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were

due within ten (10) days after being served with a copy of the Recommendation. (Recommendation at 17.) On June 23, 2009, Plaintiff filed timely objections to the Recommendation. Since objections were filed, I will review *de novo* the specific portions of the Recommendation to which Plaintiff objects. FED. R. CIV. P. 72(b).

Magistrate Judge Watanabe first recommends that the motion to dismiss be granted as to Plaintiff's § 1983 claims for monetary relief from the individual Defendants in their official capacities. (Recommendation at 5.) Magistrate Judge Watanabe found that to the extent that Plaintiff's § 1983 claims are brought against the Defendants in their official capacities for monetary damages and/or retroactive imposition of injunctive relief, such relief is barred by the Eleventh Amendment. (Recommendation at 5.) Plaintiff briefly objects to this portion of the Recommendation stating only that

> the lawsuit in the Official Capacity is necessary so that this Plaintiff may proceed to acquire a Preliminary and Temporary injunction against the Defendant(s) to acquire specialty hearing aids to improve his hearing capabilities and receive proper medical care coupled with total sign language interpreter assistance to fully enjoy life and religious freedoms.

(Objections at 1-2.) Since the Plaintiff fails to address how his claims against the Defendants do not violate the Eleventh Amendment, I overrule the objection. I find Magistrate Judge Watanabe's Recommendation on these claims is well reasoned and sound, and I agree that the motion to dismiss is properly granted as to the claims asserted against the Defendants in their official capacities. I note that the Plaintiff's First, Eighth, and Fourteenth Amendment claims against the Defendants in their individual capacities remain in tact.

Second, Magistrate Judge Watanabe recommends that the motion to dismiss be

denied as to Plaintiff's claims against the Defendants in their individual capacities. Magistrate Judge Watanabe found that "the plaintiff has alleged the requisite personal involvement of the defendants in their individual capacities sufficient to defeat the defendants' motion to dismiss." (Recommendation at 7.) Therefore, Magistrate Judge Watanabe concluded that the "[d]efendants have been given fair notice of plaintiff's claims and the grounds upon which they rest." (Recommendation at 7.) No objections were filed to this part of the Recommendation which I affirm and adopt. I find that Magistrate Judge Watanabe's Recommendation on Plaintiff's claims against the Defendants in their individual capacities is well reasoned and sound, and I agree that the motion to dismiss is properly denied as to these claims.

Third, Magistrate Judge Watanabe recommends that the motion to dismiss be denied as to the Plaintiff's Eighth Amendment claims. Magistrate Judge Watanabe found that the Plaintiff "has pled enough facts to state an Eighth Amendment claim for relief that is plausible on its face." (Recommendation at 9.) No objections were filed to this part of the Recommendation which I affirm and adopt. I find Magistrate Judge Watanabe's Recommendation on Plaintiff's Eighth Amendment claims is well reasoned and sound, and I agree that the motion to dismiss is properly denied as to these claims.

Fourth, Magistrate Judge Watanabe recommends that the motion to dismiss be denied as to the Plaintiff's First Amendment claims. Again, Magistrate Judge Watanabe found that the Plaintiff "has pled enough facts to state a First Amendment claim for relief that is plausible on its face. More specifically, he has alleged facts to support a claim that defendants' conduct substantially burdened his sincerely-held religious beliefs."

(Recommendation at 12.)  No objections were filed to this part of the Recommendation which I affirm and adopt.  I find Magistrate Judge Watanabe's Recommendation on Plaintiff's First Amendment claims is well reasoned and sound, and I agree that the motion to dismiss is properly denied as to these claims.

Fifth, Magistrate Judge Watanabe recommends that the motion to dismiss be granted as to Plaintiff's claims for compensatory damages pursuant to the Prison Litigation Reform Act ("PLRA").  Magistrate Judge Watanabe found that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." (Recommendation at 12) (internal quotations omitted).  Magistrate Judge Watanabe further clarified that given the Tenth Circuit's holding in *Searles v. VanBebber*, 251 F.3d 869, 876 (10th Cir. 2001), "only plaintiff's claim for compensatory damages would be prohibited in the absence of a physical injury." *Id.*  Therefore, Magistrate Judge Watanabe concluded that because "the plaintiff has not alleged a specific physical injury as a result of defendants' alleged actions," Plaintiff's claims for compensatory damages should be dismissed.

Plaintiff objects to this portion of the Recommendation claiming that "he has suffered extreme physical pain and suffering from the hearing aid limitations that the Defendant(s) placed upon him, and will be able to prove this particular suffering, and physical damage." (Objections at 2.)  After reviewing both the Recommendation, the objections and the applicable pleadings, I agree with Magistrate Judge Watanabe's interpretation of the law, however, I reject his ultimate finding that the Plaintiff did not

allege a physical injury.

Here, I find that the allegations in the Complaint, construed in the light most favorable to Plaintiff, could support a plausible claim that Plaintiff suffered a physical injury as a result of the Defendants' actions. Plaintiff alleges that he

> has had to endure the indignities of being abused physically and mentally and spiritually by each and every one of the Defendant(s), either directly or indirectly, and this Plaintiff has had to suffer with physical and mental trauma due to the malicious with evil intent actions by each and every one of the Defendant(s). Due to the cruel and unusual punishment inflicted upon this Plaintiff, particularly when it comes to the hearing assistive needs of this Plaintiff, this Plaintiff will have to live with the permanent and mental scarring caused by each and every one of the 28 named Defendant(s) in this prisoner 42 U.S.C. [§]1983 action.

(Compl. at 20.) While Plaintiff could have been more specific in asserting his physical injury, he clearly states in his objections that the failure of the Defendants to supply him with functional hearing aids (or batteries for those hearing aids) caused him "extreme physical pain." (Objections at 2.) In his response to the motion to dismiss, Plaintiff also refers to a physical injury that arose "from the neglect of the named Defendants to promptly provide this Plaintiff with a second hearing aid . . ." (Pl.'s Resp. 3.) Thus, viewing the allegations in the light most favorable to the Plaintiff, I sustain Plaintiff's objection and find that Plaintiff's claims for compensatory damages against the Defendants in their individual capacities should not be dismissed at this stage of the litigation.

Finally, Magistrate Judge Watanabe recommends that the motion to dismiss be denied as to the defense of qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary

functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990). Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir 1995)). *See also Workman v. Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

Since Magistrate Judge Watanabe found that the Plaintiff has sufficiently pled constitutional violations, he addressed the question of whether the Plaintiff's rights were clearly established. Magistrate Judge Watanabe concluded that

> there can be little doubt that the rights allegedly violated, namely, a prisoner's Eighth Amendment right to be free from deliberate indifference to a serious medical need and [a] First Amendment right to reasonable opportunities to pursue sincerely held religious beliefs, were clearly established such that a reasonable person in defendants' position would have known that his or her conduct violated that right.

(Recommendation at 16.) No objections were filed to this part of the Recommendation which I affirm and adopt. I find Magistrate Judge Watanabe's Recommendation on the defense of qualified immunity is well reasoned and sound, and I agree that the motion to dismiss is properly denied as to this issue.

Accordingly, it is

ORDERED that the Recommendation on the Motion to Dismiss (docket #36), filed June 5, 2009, is **AFFIRMED IN PART AND REJECTED IN PART**.  Specifically, it is rejected as to Plaintiff's claim for compensatory damages against the Defendants in their individual capacities.  The Recommendation is affirmed in all other respects.  In accordance therewith, it is

FURTHER ORDERED that the Defendants' Motion to Dismiss (docket #26), filed February 26, 2009, is **GRANTED IN PART AND DENIED IN PART**.  Specifically, it is granted as to Plaintiff's claim for damages against the Defendants in their official capacities.  In other words, Plaintiff's claims for damages against the Defendants in their official capacities are **DISMISSED**.  The motion is denied in all other respects.

Dated:  July 6, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge