IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02508-WYD-MJW

THOMAS GEORGE AYOTTE, #126891,

    Plaintiff,

v.

JACKIE MCPEEK, individually and in her official capacity as Acting Head Nurse and Manager,
RENEE MARTINEZ, individually and in her official capacity as Acting Physicians Assistant,
MR. LARRY HOFFMAN, individually and in his official capacity as Acting Case Manager,
JOHN DOE #1, individually and in his official capacity as Acting Captain,
MR. AL ESTEP, individually and his official capacity as Acting Warden of Fremont Correctional Facility,
JANE DOE #1, individually and her official capacity as Acting Nurse,
MR. JOHN GAHN, in his individual capacity and official capacity as Acting Case Manager,
MR. MICKENS, individually and in his official capacity as Acting Vocational Teacher,
MR. SHEPHERD, individually and in his official capacity as Acting Cellhouse #7 Sergeant,
MS. CURRY, individually and in her official capacity as Acting Cellhouse #7 Corrections Officer,
MR. SHAMES, individually and in his official capacity as Acting Doctor and Provider,
MS. J. CROUNK, individually and in her official capacity as Acting Registered Nurse,
MS. J. ZADROGA, individually and in her official capacity as Acting Registered Nurse,
MS. ANNA COOPER, individually and in her official capacity as Acting Grievance Officer,
R. WENCL, individual and in his official capacity as Acting Physician's Assistant,
S. ROCCHIO, individually and in her official capacity as Acting Physician's Assistant,
MS. KATHLEEN BAXTER, individually and in her official capacity as Acting Legal Assistant,
MR. BRANDT, individually and in his official capacity as Acting Chief Medical Officer,
MS. VIRGINIA SMITH, individually and in her official capacity as Acting Programs and ACA compliance Officer,
MS. CATHIE HOLST, individually and in her official capacity as Acting Legal Assistant,
MS. YVETTE POPE, individually and in her official capacity as Acting Medical Supervisor,
JOHN DOE #2, individually and in his official capacity as Acting Hallway Corrections

Officer,
JOHN DOE #3, individually and in his official capacity as Acting Cellhouse #7 Midshift Corrections Officer,
JANE DOE #2, individually and in her official capacity as Acting Cellhouse #7 Midshift Corrections Officer,
JANE DOE #3, individually and in her official capacity as Acting Nurse,
MS. ROBIN BOLTON, individually and in her official capacity as Acting S.O.T.M.P. Therapist,
MR. ANTHONY A. DECESARO, individually and in his official capacity as Acting Step 3 Grievance Officer,
MS MARYANN ALDRICH, individually and in her official capacity as Acting Administrative Services manager,
THE STATE OF COLORADO, including its Colorado Department of Corrections,
ARISTEDES ZAVARAS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections,
JAMES ABBOT, individually and in his official capacity as Acting Warden of Colorado Territorial Correctional Facility, and,
PAMELA PLOUGHE, individually and in her official capacity as Acting Warden of Colorado Territorial Correctional Facility,

    Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

    It is hereby **ORDERED** that defendants' Motion to Strike Plaintiff's Experts **(Docket No. 91)** is **denied**, substantially for the reasons stated in the plaintiff's response (Docket No. 99).

    It is, however, further **ORDERED** that, as proposed by the plaintiff (see Docket No. 99 at 3), plaintiff shall be limited to the following with respect to testimony sought from Dr. Creany:

    a.    Dr. Creany's training, experience, and qualifications as an expert in the field of medicine.

    b.    Dr. Creany's review of plaintiff's medical records and patient history, and examination of the plaintiff, including any and all diagnostic testing;

    c.    Dr. Creany's conclusion regarding whether plaintiff had a hearing disability; and

      d.      Dr. Creany's preparation of an "Accommodation Resolution" with respect to the plaintiff's need for accommodation, including to whom the "Accommodation Resolution" was sent.

It is further **ORDERED** that if defense counsel has not yet done so, he shall forthwith supply to plaintiff's counsel a replacement copy of the discovery disc referred to in plaintiff's response, Docket No. 99 at 5, ¶¶ 24-26.

It is further **ORDERED** that 30 days from plaintiff's counsel's receipt of such replacement copy of the discovery disc mentioned above or 30 days from the date of this Minute Order, whichever is later, plaintiff shall provide to defense counsel Dr. Andrews' report.

It is further **ORDERED** that discovery is reopened for the limited purpose of taking the depositions of Dr. Creany and Dr. Andrews. Counsel shall confer regarding the need to take such depositions, and if counsel determine such depositions are necessary, shall discuss and set the date and time for such depositions.

Date:   December 2, 2010